UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| RICKY D. GORDON,<br><br>  Plaintiff,<br><br>v.<br><br>MASSACHUSETTS MUTUAL<br>LIFE INSURANCE COMPANY,<br><br>  Defendant. | §<br>§<br>§<br>§  CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

Defendant Massachusetts Mutual Life Insurance Company ("MassMutual"), by and through its undersigned counsel, hereby removes all further proceedings from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida.  The basis for removal is as follows:

1. MassMutual is the named defendant in the following civil action pending in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida: *Ricky D. Gordon v. Massachusetts Mutual Life Ins. Co.*, Case No. CACE-23-011707 (the "State Court Action").

2. In accordance with 28 U.S.C. § 1446(a), MassMutual attaches hereto as Exhibit 1 a copy of all the documents served on MassMutual in the State Court Action, including Plaintiff's complaint (the "Complaint").  For ease of reference, a copy of the Complaint is also attached as Exhibit 2.

3. On November 14, 2024, the Complaint was served on MassMutual via its registered agent.  *See* Ex. 1 at 1-2.

4.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of Service of the Complaint.

**I.   DIVERSITY OF CITIZENSHIP**

5.  Plaintiff Ricky D. Gordon ("Mr. Gordon" or "Plaintiff") is an individual residing in Broward County, Florida, and is therefore deemed to be a citizen of the State of Florida. *See* Ex. 2 at ¶ 2.

6.  Defendant MassMutual is an insurance company organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business in Springfield, Massachusetts, and is therefore deemed to be a citizen of the Commonwealth of Massachusetts. *See id.* at ¶ 3; *see also* Ex. 1 at 1-2.

7.  Because Plaintiff is a citizen of Florida and MassMutual is a citizen of Massachusetts, complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332(a).

**II.   THE AMOUNT IN CONTROVERSY**

8.  The Complaint relates to Plaintiff's claim for disability benefits under an individual disability income insurance policy (the "DI Policy") and four business overhead expense insurance policies (the "BOE Policies") (the DI Policy and the BOE Policies are collectively referred to as the "Policies") issued to Plaintiff by Connecticut Mutual Life Insurance Company, to which MassMutual is the successor-in-interest *See generally* Ex. 2.

9.  In the Complaint, Plaintiff alleges that MassMutual is obligated to pay Plaintiff total disability benefits that are allegedly due and owing under the Policies since August 27, 2019, *id.* at ¶¶ 11-13, "and going forward for the maximum benefit periods under the policies." *Id.* at ¶ 11. Furthermore, Plaintiff "demands judgment" against MassMutual "for all contract benefits, prejudgment interest, costs, interest and attorneys' fees[.]" *Id.* at 5.

10. The DI Policy calls for MassMutual to pay Plaintiff up to $12,850 per month in total disability benefits to the extent that Plaintiff qualifies as totally disabled pursuant to the DI Policy's terms and conditions. *See* Ex. 1 at 11. The DI Policy provides that the maximum benefit period will be at least 24 months. Ex. 1 at 12.

11. Each of the BOE Policies calls for MassMutual to pay Plaintiff up to $2,500 per month in total disability benefits to the extent that Plaintiff qualifies as benefit eligible pursuant to the BOE Policies' terms and conditions. *See id.* at 35-76. The BOE Policies provide a maximum benefit period of one year. *See id.* at 36.

12. Approximately 5 years/60 months passed between the date that Plaintiff claims entitlement to total disability benefits under the Policies (i.e., August 27, 2019) and the date that Plaintiff filed the Complaint (i.e., August 16, 2024). *See generally* Ex. 2.

13. Plaintiff therefore appears to allege in the Complaint that the amount in controversy is equal to one year of total disability benefits under each of the BOE Policies (i.e., $2,500 monthly total disability benefit * 12 months * 5 policies = $150,000) and two years of total disability benefits under the DI Policy (i.e., $308,400), totaling $458,400.[1]

**III.   FEDERAL DIVERSITY JURISDICTION EXISTS**

14. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 and MassMutual may remove the State Court Action pursuant to 28 U.S.C. § 1441 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

---

[1] MassMutual expressly denies and disputes that the amount in controversy is $458,000 as well as all allegations in the Complaint that may be read to allege any liability of MassMutual to Plaintiff. *See infra* ¶ 18.

15. Removal is effectuated pursuant to the provisions of 28 U.S.C. § 1441 and is timely under the provisions of 28 U.S.C. § 1446(b) because less than thirty (30) days have passed since MassMutual was served with the Complaint.

## IV. NOTICE OF REMOVAL

16. Written notice of the removal of this action has been mailed contemporaneously to Plaintiff through his attorneys of record, and a Notice of Removal has been filed with the Clerk of the Circuit Court of the 17th Judicial Circuit, in and for Broward County, pursuant to 28 U.S.C. § 1446(d).

## V. ATTACHMENTS TO NOTICE OF REMOVAL

17. Attached to this Notice of Removal are the following documents:

   **Exhibit 1:**[2]   All Documents in the State Court Action that were served on MassMutual.

   **Exhibit 2:**   Plaintiff's complaint in the State Court Action.

## VI. CONCLUSION

18. By this notice and attachments, MassMutual does not waive any defenses or objections it may have in this action. Likewise, MassMutual intends no admissions of fact, law or liability by this notice, and reserves all defenses, motions and pleas. At this time, MassMutual requests only that this action be removed to this Court, that all further proceedings in state court be stayed, and that MassMutual obtain all additional relief to which it is entitled.

---

[2] All personal identifying information, including Plaintiff's date of birth and social security number, has been redacted from Exhibit 1.

**WHEREFORE**, Defendant Massachusetts Mutual Life Insurance Company, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the 17th Judicial Circuit in and for Broward County, to the United States District Court for the Southern District of Florida.

Dated:  December 4, 2024

Respectfully Submitted,

*/s/ Traci T. McKee*
Traci T. McKee (Florida Bar No. 53088)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 Jackson Street, Suite 201
Fort Myers, Florida 33901
T: 239-286-6910
F: 239-244-9053
Traci.mckee@faegredrinker.com

*Attorneys for Defendant Massachusetts Mutual Life Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of December, 2024, I caused a true and correct copy of the foregoing to be served on the following by email and first-class mail:

Martin J. Sperry, Esq.
Martin J. Sperry, P.A.
3860 W. Commercial Boulevard
Fort Lauderdale, Florida 33309
Telephone: (954) 727-0997
Email: msperry@msperrylawfirm.com

*Attorneys for Plaintiff*

/s/ Traci T. McKee
Traci T. McKee